```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RODNEY CHESTNUT,

                    Plaintiff,
                                              ORDER
          -against-                           11-CV-5369 (JS)(ARL)

WELLS FARGO BANK, N.A., ROSICKI,
ROSICKI & ASSOCIATES, P.C., SHAPIRO,
DICARO & BARACK, LLC, HOGAN LOVELLS
US LLP, EDGETON C. MONROE, JEFFREY R.
SZYMENDERA, OCWEN, RICHARD J.
KAUFMAN, ESQ., BARCLAYS BANK PLC,
HOMEQ SERVICING CORPORATION,
SECURITIZED ASSET BACK RECEIVABLES
LLC, FREMONT INVESTMENT & LOAN,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Rodney Chestnut, Pro Se
                    112 West Bartlett Road
                    Middle Island, New York 11953

For Defendants:     No appearances
```

SEYBERT, District Judge:

On October 31, 2011, pro se plaintiff Rodney Chestnut ("Plaintiff") commenced this declaratory judgment action against the defendants pursuant to 28 U.S.C. §§ 1983, 1985, 2201 and 2202, and filed an application to proceed in forma pauperis. Plaintiff's financial status, as set forth in his declaration in support of the application, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed for lack or subject matter jurisdiction

pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(h)(3) unless the **Plaintiff files an Amended Complaint as set forth below within thirty (30) days from the date that this Order is served upon him.**

BACKGROUND

The instant Complaint is the second filed by Plaintiff in this Court against Wells Fargo Bank, N.A. ("Wells Fargo") concerning a foreclosure dispute. The first action, 10-CV-4244 (JS)(ARL), Chestnut v. Wells Fargo Bank, N.A., was dismissed on the Defendant's motion because the claims were barred by the Rooker-Feldman doctrine, collateral estoppel and res judicata. See Mem. & Order, dated March 3, 2011, Seybert, D.J. The Court further found that even in the absence of a procedural bar, Plaintiff's claims were insufficiently pled.

THE INSTANT COMPLAINT

Plaintiff again seeks to challenge the foreclosure of his home and claims that there was fraud involved in the transfer of his mortgage loan. The instant Complaint, brought pursuant to Sections 1983 and 1985 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, names twelve (12) private-actor defendants, including Wells Fargo, as well as Rosicki, Rosicki & Associates, P.C. ("Rosicki"), Shapiro, DiCaro & Barack, LLC ("Shapiro"), Hogan Lovells US LLP ("Hogan"), Edgeton C. Monroe ("Monroe"), Jeffrey R. Szymendera ("Szymendera"), OCWEN, Richard J. Kaufman, Esq.

2

("Kaufman"), Barclays Bank PLC ("Barclays"), HomEq Servicing Corporation, Securitized Asset Back Receivables LLC ("Securitized Asset"), and Fremont Investment & Loan (collectively, "Defendants"). Like the prior Complaint, the instant Complaint contains limited factual information and is largely comprised of excerpts from Plaintiff's mortgage loan documents and Plaintiff's summaries thereof. Plaintiff does not allege any facts concerning conduct by any of the Defendants other than Richard Kaufman, Esq., who is alleged to be the trustee who sold the property in question. (Compl. ¶ at 9). The Complaint also alleges that Fremont Investment & Loan sold his mortgage to Barclays and that Wells Fargo was the trustee of the trust that held his mortgage. (Compl. at ¶¶ 5, 20).

Plaintiff lists two causes of action:

> FIRST CAUSE OF ACTION
>
> DEFENDANT VIOLATED THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF HEREIN WHEN HE PARTICIPATED IN THE ILLEGAL FORECLOSURE ACTION AND THE THEFT OF EQUITY IN VIOLATION OF THE UNITED STATES CONSTITUTIONAL RIGHTS OF DUE PROCESS
>
> SECOND CAUSE OF ACTION
>
> DEFENDANT PARTICIPATED IN FRAUD, UNJUST ENRICHMENT AND OTHER SCHEMES TO COMMIT THEFT OF EQUITY AND TO USE THE LEGAL SYSTEM FOR THE PURPOSE TO COMMIT SUCH FRAUDULENT ACTIONS

(Compl. at page 9). As a result, Plaintiff seeks to recover, inter alia, the sum of $1.75 million.

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of the Plaintiff's application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the $350.00 filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a)(1). Accordingly, Plaintiff's application to proceed <u>in forma pauperis</u> is granted.

II. <u>Application of 28 U.S.C. § 1915</u>

Pursuant to Section 1915 of Title 28, a district court must dismiss an <u>in forma pauperis</u> complaint upon determining that the action is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). This obligation applies equally to prisoner and non-prisoner <u>in forma pauperis</u> cases. <u>Awan v. Awan</u>, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); <u>Burns v. Goodwill Industries</u>, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. 2002).

Courts are required to liberally construe pleadings drafted by a <u>pro se</u> plaintiff. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). A "<u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, the federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

III. <u>Subject Matter Jurisdiction</u>

Notwithstanding the liberal pleading standard afforded <u>pro se</u> litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court <u>sua sponte</u>. <u>Id.</u> "If subject matter jurisdiction is lacking, the action must be dismissed." <u>Id.</u> at 700-01; <u>see also</u> Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

Here, it appears that Plaintiff seeks to invoke this Court's subject matter jurisdiction pursuant to § 1331 given that the Complaint's "Statement of Jurisdiction" states that the action seeks to "protect the [Plaintiff's] rights guaranteed by the United

6

States Constitution" and cites 28 U.S.C. §§ 1983, 1985, 2201 and 2201.[1] (Compl. at ¶ I).

"A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (Id. at 513 n. 10). Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), pro se litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

Here, even given a liberal construction, Plaintiff's Complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Despite Plaintiff's citation of the Declaratory Judgment Act and

---

[1] Given that at least six (6) of the defendants, namely Rosicki, Shapiro, Hogan, Kaufman, Barclays, and Securitized Asset, are alleged to be New York residents, the diversity of citizenship requirement of Section 1332 is not met and thus Section 1332 cannot provide a basis to support this Court's subject matter jurisdiction.

Sections 1983 and 1985, his allegations do not present a colorable federal claim for the reasons that follow.

   A.  Declaratory Judgment Act

According to the Second Circuit, "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts." 28 U.S.C. § 2201(a); Correspondent Servs. Corp. v. First Equities Corp., 442 F.3d 767, 769 (2d Cir. N.Y. 2006). "There must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." 442 F.3d at 769 (citing Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir. 1996)).

Even upon a liberal construction, Plaintiff has not alleged an independent basis of jurisdiction such that the Court may enter a declaratory judgment pursuant to 28 U.S.C. § 2201. Accordingly, the Declaratory Judgment Act does not give this Court a basis for federal subject matter jurisdiction.

IV.  Section 1983

   Section 1983 provides that:

   [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (2000). For a plaintiff to state a Section 1983 claim, the complaint must allege that the challenged conduct was

"committed by a person acting under color of state law," and that the conduct "deprived [a plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) cert. denied sub nom Cornejo v. Monn, __ U.S. __, 131 S. Ct. 158, 178 L. Ed. 2d 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Under extremely limited circumstances not alleged here, private actors, such as the Defendants, may be held liable under Section 1983. See White v. Monarch Pharmaceuticals, Inc., No. 08-CV-0430, 2009 WL 3068217, *1 (2d Cir. Sept. 28, 2009); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982).

Here, all of the Defendants are private persons or entities who are not alleged to have any connection with any government body and have not acted under color of state law. Moreover, the Complaint is wholly devoid of any allegations concerning the deprivation of any constitutional right as is required to state a plausible Section 1983 claim. See, e.g., McCarthy v. Wachovia Bank, N.A., No. 08-CV-1122, 2011 WL 79854, at *6 (E.D.N.Y. Jan. 11, 2011) (citing Nealy v. Berger, No. 08-CV-1322, 2009 WL 704804, at *4 (E.D.N.Y. Mar. 16, 2009). In the absence of any allegations against a state actor of a deprivation of a constitutional right, Plaintiff's Section 1983 claim is not plausible and does not establish this Court's federal subject

matter jurisdiction.

V.   Section 1985

To establish a claim under 42 U.S.C. § 1985(3), Plaintiff must show: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, . . .; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right of a citizen of the United States.'"  Rodriguez v. City of New York, No. 05-CV-10682, 2008 U.S. Dist. LEXIS 78870, at *44 (S.D.N.Y. Sept. 25, 2008) (quoting Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000)) (internal quotation marks omitted). "'To support a claim for conspiracy under section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."  Id. at *45 (quoting Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003)) (internal quotation marks omitted).  The conspiracy must also "be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'"  Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) (quoting Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (add'l citation omitted)).

Here, the Complaint is devoid of any factual allegations concerning a "meeting of the minds" by any of the Defendants to

support a plausible Section 1985 claim. Wholly absent from the Complaint are any allegations that the Defendants conspired to violate the Plaintiff's rights. Thus, Plaintiff has not sufficiently alleged that a conspiracy existed. Even if he had, the Complaint does not allege that Plaintiff is a member of any protected class or that the Defendants were motivated by class-based or invidious animus. Accordingly, **the Section 1985 claim is dismissed with prejudice unless Plaintiff files an Amended Complaint within thirty (30) days of the date that this Order is served upon him that properly alleges a Section 1985 conspiracy claim as set forth above.** Plaintiff is cautioned that insofar as he seeks to re-litigate his state court foreclosure action in this Court, he is without authority to do so pursuant to the Rooker-Feldman doctrine, collateral estoppel and res judicata. See Mem. & Order, dated March 2, 2011, 10-CV-4244 (JS), Chestnut v. Wells Fargo Bank, N.A., (Seybert, D.J.); see also Jing Chun Wu v. Levine, No. 05-CV-1234(NG), 2005 WL 2340722, at *1 (E.D.N.Y. June 3, 2005), aff'd, 314 F. App'x (2d Cir. 2009) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine") (citations omitted).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of

any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

## CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that Plaintiff's application to proceed in forma pauperis is granted; and it is further,

**ORDERED** that Plaintiff's Section 1983 claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 for failure to state a claim, and it is further,

**ORDERED** that Plaintiff's Section 1985(c) conspiracy claims are sua sponte dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 for failure to state a claim **unless Plaintiff files an Amended Complaint in accordance with this Order within thirty (30) days from the date this Order is served upon him**.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February   22  , 2012
       Central Islip, New York